**A.V. COSTANTINI, d/b/a United Travel Service, d/b/a Halliburton Tours, Petitioner,**

v.

**CIVIL AERONAUTICS BOARD, Respondent.**

**No. 82–7250.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 1983.
Decided May 25, 1983.

A.V. Costantini, pro se.

---

Ivars V. Mellups, Acting Gen. Counsel, Thomas L. Ray, Acting Associate Gen. Counsel, David Schaffer, Atty., Civil Aeronautics Board, Washington, D.C., William F. Baxter, Asst. Atty. Gen., John J. Powers, III, William J. Roberts, Attys., Dept. of Justice, Washington, D.C., for respondent.

Before BROWNING, Chief Judge, FLETCHER and NORRIS, Circuit Judges.

PER CURIAM:

The panel unanimously agrees that this case can be submitted without oral argument. See Fed.R.App.P. 34(a).

Costantini seeks review of an order of the Civil Aeronautics Board (CAB) affirming the dismissal by the Director of the CAB's Bureau of Compliance and Consumer Protection (BCCP) of a complaint filed by Costantini with the CAB on October 20, 1981. The complaint alleges violations of anti-rebating provisions of section 411 of the Federal Aviation Act (FAA), 49 U.S.C. § 1381. We have jurisdiction under 49 U.S.C. § 1486(a) (1976) and affirm.

Section 411 authorizes the CAB to investigate third-party allegations of "unfair or deceptive practices or unfair methods of competition" in the air transportation industry "if it considers that such action by it would be in the interest of the public." Thus, "the Board's jurisdiction to initiate an investigation under § 411 is expressly premised on a finding that the 'public interest' is involved." Nader v. Allegheny Airlines, Inc., 426 U.S. 290, 302, 96 S.Ct. 1978, 1986, 48 L.Ed.2d 643 (1976).

■ Here, however, the CAB determined that an investigation of the allegations in Costantini's complaint would not be in the public interest. We do not conduct an independent investigation to see whether the CAB's determination was correct; we ask only whether "the Board has stayed within its jurisdiction and applied criteria appropriate to that determination." American Airlines, Inc. v. North American Airlines, Inc., 351 U.S. 79, 85, 76 S.Ct. 600, 605, 100 L.Ed. 953 (1956).

The criteria on which the CAB based its determination here include: (1) the complaint was so lacking in specificity that no prima facie case was established; (2) the CAB has already conducted extensive investigations into rebating in the past; (3) the CAB's ongoing review of the entire market structure of air transportation already provides a sufficient degree of investigation; (4) the rebate practice complained of would not hurt the general public (as opposed to certain travel agents like Costantini) even if it did occur; (5) the previously regulated practice complained of is now undergoing deregulation; and (6) the scarce investigatory funds of the CAB are better spent elsewhere. These criteria are entirely appropriate. The CAB did not abuse its discretion in dismissing Costantini's complaint without a hearing. See DHL Corp. v. CAB, 659 F.2d 941, 945 (9th Cir.1981); REA Express Inc., v. CAB, 507 F.2d 42, 47 (2d Cir.1974).

■ This appeal is frivolous. The allegations in the complaint have been made by Costantini and disposed of in prior proceedings. Most recently before our court, we affirmed the CAB's dismissal of several of Costantini's complaints under remarkably similar circumstances of generalized allegations and repetitive charges. Costantini v. CAB, 679 F.2d 896 (9th Cir.1982). Even a cursory reading of our disposition of that appeal would have indicated that the outcome of this appeal was certain and the appeal therefore frivolous. As the CAB has patiently explained to Costantini on four previous occasions, Costantini's complaints suggest essentially a private dispute with the airline industry and should be pursued, if at all, in forums other than the CAB. At some point, the free use of process becomes an abuse, for misuse diminishes our capacity to aid those who deserve access to our process. Costantini has crossed that line. We therefore assess Costantini attorney's

fees [1] and double costs on this appeal. *See* Fed.R.App.P. 38.

The order of the Civil Aeronautics Board is AFFIRMED.

---

1. The Board shall submit a record of its counsel's time expended on this appeal along with its cost bill. The amount of attorney's fees will be set by supplemental order.