**Reverend W. Eugene SCOTT,
Plaintiff-Appellant,**

v.

**Evelle J. YOUNGER, et al.,
Defendants-Appellees.**

No. 83–6090.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1984.

Decided Aug. 14, 1984.

Edward L. Masry, Sherman Oaks, Cal., Kenneth E. Roberson, Glendale, Cal., for plaintiff-appellant.

George H. Wu, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before CHOY and SKOPIL, Circuit Judges, and WILKINS,* District Judge.

SKOPIL, Circuit Judge:

Appellant Reverend Scott seeks review of the district court's denial of his motions to vacate judgment and for reconsideration. The district court lacked jurisdiction to consider Scott's motions, and accordingly, properly denied them. We find that Scott's appeal is frivolous and we exercise our discretionary power to invoke sanctions.

## FACTS AND PROCEEDINGS BELOW

Scott is head of Faith Center, a non-profit church corporation. In 1977 the Federal Communications Commission (FCC) initiated an investigation of Faith Center's broadcast activities. Eventually the license renewal applications for three stations were dismissed for Faith Center's refusal to cooperate.

In August 1978, during the administrative hearings, Scott filed this action against numerous individuals seeking damages and an injunction to enjoin them from allegedly depriving him of his constitutional rights. Federal defendants included FCC Commissioners and investigators. In January 1980 the district court granted the federal defendant's motions for summary judgment and directed entry of a final judgment. We affirmed. *Scott v. Rosenberg,* 702 F.2d 1263 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984). We held that although not every allegation of fraudulent solicitation would justify the government's interference with the religious practices of churches, the allegations here permitted the FCC's narrow and limited inquiry. *Id.* at 1275. The FCC's investigation was premised on information sufficiently reliable to justify the limited intrusion. *Id.*

On March 10, 1983 shortly after our decision was rendered, Scott filed in this court a motion to vacate the judgment pursuant to Fed.R.Civ.P. 60(b). Scott argued that the federal defendants had perpetrated a fraud on the courts because the FCC's investigation was commenced after receiving only one complaint that did not allege fraudulent practices. The motion was denied. Scott then filed a petition for rehearing and suggestion for rehearing en banc that again raised the issue of the sufficiency of information necessary to commence an investigation. That petition was denied. Scott filed a second motion for rehearing and for reconsideration of his motion to vacate. Again, we denied the motion.

On March 23, 1983 Scott filed his motion to vacate judgment in the district court. The motion was the same as that presented to this court except in reply to opposition to

---

the motion, Scott raised a new issue that the agency's investigation was improperly based on complaints by Faith Center's former attorney.

On April 6 Scott filed a "Motion to Entertain Motion to Vacate the Judgment," in apparent response to the defendants' arguments that the district court had no jurisdiction to rule on the motion while the case was on appeal. Scott argued that if the district court would grant the motion to entertain, Scott would then move this court for a remand order.

On May 2 the district court denied the motion to entertain and to vacate. On June 14 Scott moved for reconsideration. On July 6 the court denied Scott's motion for reconsideration. Scott filed this notice of appeal on June 27 seeking review of the district court's denial of "plaintiff's motion to vacate judgment and plaintiff's motion for reconsideration."

## DISCUSSION

### A. District Court's Jurisdiction

Our review of the district court's exercise of jurisdiction is *de novo. United States v. Hill,* 719 F.2d 1402, 1404 (9th Cir.1983). We conclude for several reasons that the district court was without jurisdiction to consider Scott's motions.

■ Rule 60(b) specifies that the court may vacate a judgment on the basis of fraud, misrepresentation, or other adverse conduct of an adverse party, but the motion must be made within one year of the judgment. Scott's motion in the district court was made almost two years after the judgment was entered in favor of the federal defendants.

Scott argues that federal courts possess inherent power to review judgments obtained by fraud and that no time limitations apply. But on allegations of fraud similar to this case, we applied the one year limitation. *Keys v. Dunbar,* 405 F.2d 955, 957 (9th Cir.1969), *cert. denied,* 396 U.S. 880, 90 S.Ct. 158, 24 L.Ed.2d 138 (1969). *See also Luttrell v. United States,* 644 F.2d 1274, 1276 (9th Cir.1980) (limiting definition of "fraud on the court" for application of Rule 60(b) time provisions).

■ Even assuming that the motion was timely, the district court did not have jurisdiction to decide the motion since the case was on appeal. "In this circuit, the rule has generally been stated that the filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal has been taken, without a remand from this court." *Long v. Bureau of Economic Analysis,* 646 F.2d 1310, 1318 (9th Cir.), *vacated on other grounds,* 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981). *See also Smith v. Lujan,* 588 F.2d 1304, 1307 (9th Cir.1979) (applying rule). To seek Rule 60(b) relief, "the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." *Long,* 646 F.2d at 1318. Scott apparently was made aware of this procedure since he filed a second motion seeking the district court to "entertain" the motion. But, if the district court's order is construed as a denial of Scott's request to "entertain" the motion to vacate, that denial is interlocutory in nature and not appealable. *Crateo, Inc. v. Intermark, Inc.,* 536 F.2d 862, 869 (9th Cir.), *cert. denied,* 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976); *Canadian Ingersoll-Rand Co. v. Peterson Products of San Mateo, Inc.,* 350 F.2d 18, 27 (9th Cir.1965).

### B. Appellate Jurisdiction

■ Scott's notice of appeal was filed over 80 days after the district court's denial of the motion to vacate. The time limitations of Fed.R.App.P. 4(a) are "mandatory and jurisdictional." *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978); *Cel-A-Pak v. California Agr. Labor Relations Board,* 680 F.2d 664, 666 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). Failure to timely file a notice of appeal must result in dismissal for lack of appellate jurisdiction. *E.g., Johnson v. Pulley,* 685 F.2d 327, 327–28 (9th Cir.1982).

■ We view Scott's motion for reconsideration as a motion to alter or amend the

judgment under Fed.R.Civ.P. 59(e). *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir.1983). A timely filed Rule 59(e) motion tolls the running of the time limitations for filing the notice of appeal until the district court rules on the motion. *E.g., Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1247 (9th Cir.1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983). But Scott's motion for reconsideration was not filed within the 10 days specified in Rule 59(e). That time period is jurisdictional and cannot be extended by the court. Fed.R.Civ.P. 6(b); *Glass v. Seaboard Coast Line Railroad Co.*, 714 F.2d 1107, 1109 (11th Cir.1983). The filing of an untimely motion will not toll the running of the appeal period. *Cel-A-Pak*, 680 F.2d at 666.

 Our only possible jurisdiction is over the district court's denial of Scott's motion for reconsideration. Scott's notice of appeal was timely filed as to that denial. The motion for reconsideration was not, however, timely filed within the 10 days specified in Rule 59(e) or even within the 30 day period permitted in *Sleek v. J.C. Penney Co.*, 292 F.2d 256 (3d Cir.1961) (imposing 30 day limit on filing of motion for reconsideration of denial of Rule 60(b) relief). The district court did not have jurisdiction to rule on Scott's motion for reconsideration. *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; *United States v. One Remington 12 Gauge Shotgun*, 709 F.2d 1468, 1469 (11th Cir.1983). Accordingly, the district court properly denied Scott's untimely motion. *See Elias v. Ford Motor Co.*, 734 F.2d 463, 466 (1st Cir.1984) (Rule 59(e) motion denied for late filing).

C. Sanctions for Frivolous Appeal

 This appeal is frivolous because the result is obvious and Scott's arguments are wholly without merit. *See Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984); *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 656 (9th Cir.1984). We have discretion under Fed.R.App.P. 38 to award "just damages and single or double costs" if an appeal is determined to be frivolous.

Sanctions may also include an award of attorneys fees. *E.g., Taylor*, 729 F.2d at 656; *De Witt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir.1983).

 The outcome of this case, even putting aside the jurisdictional deficiencies, was certain. We had already determined that there was "information sufficiently reliable" to justify the FCC's inquiry. *Scott*, 702 F.2d at 1275. We entertained and rejected Scott's arguments in his motion to vacate. We again rejected Scott's fraud charges by denying his petition for rehearing and suggestion for rehearing en banc. A second petition for rehearing and a motion for reconsideration were also rejected. When issues are raised and disposed of in prior proceedings, the reassertion of those issues may give rise to a finding of frivolousness sufficient to support sanctions. *A.V. Costantini v. CAB*, 706 F.2d 1025, 1026 (9th Cir.1983).

 Scott is assessed double costs and reasonable attorney fees payable to the government. Appellees will file their affidavits and supporting materials with the clerk within 21 days. The fees will be fixed by separate order. *See Gattuso*, 733 F.2d at 710.

AFFIRMED.