755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Genevieve Threet, Plaintiff, AND Lucy Anderson, et al.,
Plaintiffs-Appellants,
v.
ACE Hardware, Inc., Defendant-Appellee.
 No. 84-3497
 United States Court of Appeals, Sixth Circuit.
 1/25/85
 
 ORDER
 BEFORE: MERRITT, WELLFORD, and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of defendant's motion to dismiss the plaintiffs-appellants' June 25, 1984 appeal from the district court orders of: April 10, 1984 dismissing the class action aspects of the original complaint and plaintiff Threet's complaint; May 4, 1984 denying the plaintiffs-appellants' motion to void the settlement agreement of April 10, 1984; and, May 25, 1984 denying plaintiffs-appellants' motions made pursuant to Rules 52 and 59(e), Federal Rules of Civil Procedure. Plaintiffs-appellants move the Court to augment (amend) this appeal to include an appeal from a June 4, 1984 endorsed order denying their motions under Rule 60(b), Federal Rules of Civil Procedure. Defendant also moves this Court to dismiss an attempted appeal from the June 4 order.
 
 
 2
 Rule 4(a), Federal Rules of Appellate Procedure, requires filing of a notice of appeal within thirty days of the judgment or order appealed from. A timely motion under Rule 50(b), Rule 52(b), Rule 59(e), or Rule 59 for a new trial, Federal Rules of Civil Procedure, tolls the running of the appeal period until disposition of the motion; untimely motions do not. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257 (1978). The filing of a timely notice of appeal is mandatory and jurisdictional. Browder, supra. Because there were no timely motions during the 30 day appeal period from the April 10, 1984 district court orders dismissing the class aspects of the complaint and plaintiff Threet's complaint, the notice of appeal filed June 25, 1984 was 46 days late. This Court lacks jurisdiction to entertain an appeal from the April 10 orders.
 
 
 3
 Similarly, the notice of appeal from the May 4 1984 district court order should have been filed by June 4, 1984. Because the May 16 motion under Rule 52(b), Federal Rules of Civil Procedure, was made two days late and the motion under Rule 59(e), Federal Rules of Civil Procedure, was served on May 19, five days late, neither motion tolled the running of the appeal from the May 4 order. The June 25 appeal from the May 4 order, therefore, was 21 days late and this Court lacks jurisdiction to hear it.
 
 
 4
 The district court does not have jurisdiction to review untimely motions under Rule 52(b) and Rule 59(e), Federal Rules of Civil Procedure. Browder, supra at n.7; Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir. 1984). An order disposing of an untimely motion is a nullity. Weir v. United States, 339 F.2d 82, 84 (8th Cir. 1965); see Peabody Coal Co. v. Local Union Nos. 1334, 1508 and 1508, UMW, 484 F.2d 78, 81 (6th Cir. 1973). This Court lacks jurisdiction over that part of the class's appeal challenging the May 25, 1984 district court order.
 
 
 5
 Rule 3(c), Federal Rules of Appellate Procedure, states that a notice of appeal must designate the judgment or order appealed from. The filing of a supplement does not bring to appellate review an order which was not included in the notice of appeal. Day v. Wayne Co. Board of Auditors, et al., ---- F.2d ----, No. 83-1378, Slip Opinion at 11 (6th Cir. December 6, 1984). The class cannot circumvent the Federal Rules of Appellate Procedure by attempting to extend the time for filing the notice of appeal from the June 4 order.
 
 
 6
 Even if the motion to augment (amend) is construed as a notice of appeal from the June 4, 1984 order, it was not timely filed. This Court lacks jurisdiction to hear an appeal from the June 4, 1984 order.
 
 
 7
 It is ORDERED that plaintiffs' motion to amend the appeal of June 25, 1984 is denied and the defendant's motion to dismiss as to each and every part of the plaintiffs-appellants' appeal is granted and the appeal is dismissed.