859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry D. POLLARD, Plaintiff-Appellant,
v.
OWENS-ILLINOIS, INC., Owens-Corning Fiberglass Corporation,
the Celotex Corporation, Eagle-Picher Industries, Inc., Rock
Wool Manufacturing Co., Inc., North Brothers, Inc., a
division of National Services, Inc., Carey Canada, Inc.,
Pittsburgh Corning Corporation, Southern Textile
Corporation, H.K. Porter, Inc., A C and S, Inc., Defendants-Appellees,
and
Raymark Industries, Inc., National Gypsum Company,
Fibreboard Corporation, Armstrong World Industries, Inc.,
Nicolet, Inc., Forty-Eight Insulations, Inc., Keene
Corporation, GAF Corporation, Combustion Engineering, Inc.,
Garlock, Inc., Turner & Newall, Ltd.' Turner Asbestos
Fibres, Ltd., Defendants.
Larry D. POLLARD, Plaintiff-Appellee,
v.
OWENS-ILLINOIS, INC., Owens-Corning Fiberglass Corporation,
the Celotex Corporation, Eagle-Picher Industries, Inc., Rock
Wool Manufacturing Co., Inc., North Brothers, Inc. a
division of National Services, Inc., Carey Canada, Inc.,
Pittsburgh Corning Corporation; Southern Textile
Corporation, H.K. Porter, Inc., A C and S, Inc., Turner &
Newall, Ltd., Defendants-Appellants,
and
Raymark Industries, Inc., National Gypsum Company,
Fibreboard Corporation, Armstrong World Industries, Inc.,
Nicolet, Inc., Forty-Eight Insulations, Inc., Keene
Corporation, GAF Corporation, Combustion Engineering, Inc.,
Garlock, Inc., Turner Asbestos Fibres, Ltd., Defendants.
 Nos. 87-3557, 88-3527.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 16, 1988.
Decided Sept. 12, 1988.
 
 Larry D. Pollard, pro se.
 Robert Holmes Wood, Louis Patrick Herns, Robert H. Hood & Associates, for appellees in 87-3557 and appellants in 88-3527.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Claiming that his attorney did not have authority to enter into a settlement agreement on his behalf, Larry D. Pollard filed both a motion pursuant to Fed.R.Civ.P. 60(b) and a notice of appeal (No. 87-3557). During the pendency of the appeal, the district court held a hearing to determine whether Pollard's lawyer had authority to settle. Following the hearing, the court rescinded the settlement order but did not decide the merits of Pollard's asbestosis claim. Defendants appealed. (No. 88-3527).
 
 
 2
 Once Pollard filed his notice of appeal, the district court was divested of jurisdiction to grant the 60(b) motion. See 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.30 (2d ed. 1987); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2873 (1973 & 1987 Supp.); Williams v. McKenzie, 576 F.2d 566, 570 (4th Cir.1978). Had the district court followed the usual procedure and notified this Court that it was inclined to entertain or grant the motion, we would have remanded the case for further proceedings. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984).
 
 
 3
 This Court has the power to correct defects in the proceedings even when the parties do not raise such defects in materials before the Court. Accordingly, the cases are remanded to the district court. That court then will have jurisdiction to enter an order deciding the Rule 60(b) motion.
 
 
 4
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument. Pollard's "Motion for Past Motions Be granted" is denied. Pollard may raise those motions separately once the district court acts on the Rule 60(b) motion.
 
 
 5
 REMANDED.