866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frances M. WARDLAW, Plaintiff-Appellant,
and
Margaret Klugh; Katherine Klugh Maultsby; Mary Klugh
Garner; John Bradley Klugh; William W. Bradley, III;
Frederick H. Bradley; Patrick H. Bradley; Edna Bradley
Troxell; Mabel Bradley Payne; Mary Bradley Pressly;
Thomas R. Bradley; William T. Bradley; Margaret Bradley
Poole; David W. Bradley; John T. Bradley, Jr.; Mark E.
Bradley, Jr.; Elizabeth Bradley McGarity; Robert F.
Bradley, III; Thomas J. Bradley; Frances Wright Bradley,
III; William R. Bradley, II; Rufus A. Johnson, III; Mary
Bradley Brown; Margaret Bradley Shuford; Arthur L.
Bradley; James B. Bradley; Curtis L. Bradley; David J.
Wardlaw; Martha Wardlaw Buie; Foster Bradley Wardlaw, Jr.;
Ivey Jean Wardlaw Pressly; Robert S. Wardlaw; William W.
Wardlaw; Mildred E. Wardlaw; Mary Wardlaw Deason; Annie
Wardlaw Wright; John K. Bradley; Mary Bradley Miller;
Martha Bradley Moody; Frances Trenholm Bradley; Jane H.
Bradley; Martha B. Mayo; Robert F. Bradley, Jr.; Eustace
U. Bradley; Mary Bradley Cox; Frances Thompson Sheppard;
Hugh W. Bradley; Frances K. Bradley; John U. Wardlaw, Plaintiffs,
v.
UNITED STATES of America; Certain Lands Located In
Abbeville, Greenwood and McCormick Counties, South
Carolina, Being a Portion of the Estate
of W.K. Bradley, deceased,
Defendants-Appellees.
 No. 88-3545.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 20, 1988.
Decided: Jan. 26, 1989.
 
 Frances M. Wardlaw, appellant pro se.
 J. Carol Williams, Dirk Drukker Snel, Carolyn P. Osolinik, Sylvia Sepulveda-Hambor (United States Department of Justice), for appellees.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Frances Wardlaw appeals the district court's dismissal of this multi-party condemnation case, and requests a hearing en banc. For the reasons below, we deny Wardlaw's request for a hearing en banc and remand.
 
 
 2
 After holding a hearing the district court dismissed this action with prejudice but gave the plaintiffs 60 days to move to reopen the case. Wardlaw timely appealed. Other plaintiffs timely moved to reopen the case, and the district court granted their motion.
 
 
 3
 Because plaintiffs' motion to reopen was served more than ten days after entry of final judgment, it can only be construed as a Fed.R.Civ.P. 60(b) motion. The district court was without jurisdiction to grant Rule 60(b) relief during the pendency of this appeal from its final judgment. See 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.30 (2d ed. 1987); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2873 (1973 & 1987 Supp.); Williams v. McKenzie, 576 F.2d 566, 570 (4th Cir.1978). Rather, the district court should have notified this Court that it was inclined to entertain or grant the 60(b) motion and this Court could have remanded the case for further proceedings. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984).
 
 
 4
 There having been no request for a poll of the Court on Wardlaw's request for a hearing en banc, the motion is denied. As the issues recently have been decided authoritatively, we dispense with oral argument and remand to afford the district court jurisdiction to act on the Rule 60(b) motion.
 
 
 5
 REMANDED.