942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul FEINBERG, Plaintiff-Appellant,
v.
Kermit MILLER, Lieutenant, Midtown Division, Police
Department, Peter Ronstadt, Chief of Police, Tucson Police
Department, Cathy Cermak, Deputy Adult Probation Officer,
Pima County Adult Probation Department, Edward L. Brown, or
his successor, Chief Adult Probation Officer, Frank Rau,
Detective, Jessie J. Figueroa, Tucson Police Dept., Pima
County Adult Probation, Leonard W. Dietsch, Deputy Chief of
Police, Don R. Stiles, Successor to Edward L. Brown,
deceased, Defendants-Appellees.
 No. 89-16418.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1991.*
Decided Aug. 15, 1991.
 
 Before FLETCHER, WILLIAM A. NORRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Feinberg filed a civil rights suit against Arizona police and prison officials under 42 U.S.C. §§ 1983, 1985, and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). After granting Feinberg two opportunities to amend his complaint, the district court dismissed it because: (1) Bivens does not apply to state officials; (2) the complaint failed to allege racial animus, as required by section 1985; and (3) the complaint did not contain a "short and plain" statement of the relief sought, as required by Fed.R.Civ.P. 8(a). Feinberg then filed a Fed.R.Civ.P. 6(b) motion for extension of time to serve and file a Fed.R.Civ.P. 59(e) motion for reconsideration in which he admitted that his pleadings had been deficient notwithstanding two opportunities to amend. The district court denied the Rule 6(b) motion. Feinberg appeals the denial of this motion.
 
 
 3
 A Rule 59(e) motion must be filed within ten days of the district court's entry of judgment. Fed.R.Civ.P. 59(e). Rule 59(e)'s ten-day limitation is "strictly construed," Northern Cheyenne Tribe v. Hodel, 851 F.2d 1152, 1155 (9th Cir.1988). Rule 6(b) explicitly states that a district court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them." Fed.R.Civ.P. 6(b). In turn, Rule 59(e) states no exception to the ten-day limitation. Fed.R.Civ.P. 59(e). Accordingly, the district court had no discretion to grant Feinberg's motion for extension of time. See Scott v. Younger, 739 F.2d 1464, 1467 (ten-day time period "is jurisdictional and cannot be extended by the court").
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3