959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Christen HOLSTROM, Defendant-Appellant.
 No. 91-30173.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992.*
Decided April 9, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A section 3B1.2 adjustment applies only when the offense is committed by more than one criminally responsible person. United States v. Anderson, 942 F.2d 606, 614-17 (9th Cir.1991) (en banc). As Holstrom conceded before the district court, he was the only participant in his crime.
 
 
 3
 A person's minor role in the conduct surrounding the offense of conviction can provide a basis for a downward departure. United States v. Valdez-Gonzalez, Nos. 89-10274/10330, slip op. 1583, 1592-97 (9th Cir. Feb. 19, 1992). Yet Holstrom did not press this argument before the district court. He did not argue it at sentencing, nor did he discuss it in either of his memoranda in support of his motion for downward departure.
 
 
 4
 Holstrom's failure to properly raise the issue is evident in the district court's decision. It neither accepted nor rejected his minor participation as a basis for departure. Holstrom's sole reference to it, a conclusory remark in the motion itself, did not preserve it.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Holstrom discussed it in his motion for reconsideration, but he filed this motion after filing his notice of appeal. Once he filed the notice of appeal, the district court lost jurisdiction. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984)