976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony COZZETTI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-15807.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Cozzetti appeals pro se the district court's order denying his second Fed.R.Civ.P. 60(b) motion to reconsider the denial of his 28 U.S.C. § 2255 motion to vacate his 1970 conviction for transporting a woman across state lines for prostitution in violation of the Mann Act. We review the denial of a Rule 60(b) motion for an abuse of discretion. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 This is Cozzetti's fourth appeal to this court in his efforts to challenge his 1970 conviction. This court affirmed Cozzetti's 1970 conviction on direct appeal in a published opinion in 1971. Cozzetti v. United States, 441 F.2d 344 (9th Cir.1971). In 1973, Cozzetti filed a section 2255 habeas petition to vacate the 1970 conviction. The district court denied the section 2255 petition. After a remand, this court affirmed the denial of the habeas petition.
 
 
 4
 On April 16, 1990, Cozzetti filed a Rule 60(b) motion to vacate his 1970 conviction, and presumably the judgment denying his section 2255 petition. In the motion, Cozzetti alleged fraud upon the court as a ground for relief from judgment. The district court denied the Rule 60(b) motion, and Cozzetti filed another Rule 60(b) motion from that order.
 
 
 5
 Cozzetti contends that the district court abused its discretion by denying his second Rule 60(b) motion to vacate his 1970 conviction. Cozzetti argues that it was error for the district court to deny the Rule 60(b) motion from which he appeals without a hearing, and without an appearance by the government. This contention lacks merit.
 
 
 6
 Cozzetti's first motion was cognizable as a Rule 60(b)(3) motion because it was grounded on allegations of fraud by the opposing party. See Fed.R.Civ.P. 60(b)(3); Lafarge Conseils et Etudes v. Kaiser Cement & Gypsum Corp. 791 F.2d 1334, 1337-38 (9th Cir.1986) (under subsection 60(b)(3), the court may grant relief from judgment for fraud or other misconduct of an adverse party).
 
 
 7
 Rule 60(b) requires that the party seeking relief make a motion within a reasonable amount of time, but specifies that a Rule 60(b)(3) motion be made within one year from the judgment to which the motion refers. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). The one-year restriction is mandatory and jurisdictional. Id.[1]
 
 
 8
 Cozzetti's first Rule 60(b)(3) motion was not filed within the one-year limitations period. Thus, the motion was untimely and the district court lacked jurisdiction to consider it. See id. Because the district court did not err in denying Cozzetti's first Rule 60(b) motion, the district court did not abuse its discretion in denying Cozzetti's second Rule 60(b) motion from that order.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Cozzetti's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Cozzetti's Rule 60(b) motion could be construed as a motion under subsections 60(b)(1) or 60(b)(2), the motion would also be barred by the one-year jurisdictional requirement. See Fed.R.Civ.P. 60(b); Younger, 739 F.2d at 1466. Cozzetti's first 60(b) motion was not cognizable under section 60(b)(6) because subsection six is generally applicable when no other subsection of Rule 60(b) is applicable. See Fed.R.Civ.P. 60(b)(6); see also Matter of Emergency Beacon Corp., 666 F.2d 754, 758 (2d Cir.1981)
 
 
 [2]
 The district court denied Cozzetti's first Rule 60(b) motion on the ground that the motion was merely a rehash of contentions raised and disposed of in his post-conviction proceedings and in his direct appeal to this court. The second Rule 60(b) motion was denied without an opinion. We may, however, affirm on any basis adequately supported by the record. See United States v. Humboldt, 628 F.2d 549, 551 (9th Cir.1980)