988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James B. TURNER, Plaintiff-counter-defendant-Appellant,
v.
METRO, Municipality of Metropolitan Seattle,
Defendant-counter-claimant-Appellee.
 No. 92-36637.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-91-01322-BJR; Barbara J. Rothstein, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James B. Turner appeals pro se the district court's denial of his motion for reconsideration following the dismissal of his complaint against the Municipality of Metropolitan Seattle (Metro). Turner alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1983, and the First and Fourteenth Amendments of the Constitution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's exercise of jurisdiction. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). We review for an abuse of discretion a district court's denial of motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 4
 To preserve an appeal of the underlying judgment, a notice of appeal must be filed within 30 days after the date of entry of the judgment. Fed.R.App.P. 4(a)(1); see also Taylor v Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989). The time limitations of Rule 4(a) are " 'mandatory and jurisdictional.' " Younger, 739 F.2d at 1466 (quoting Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 264 (1978)). "Failure to timely file a notice of appeal must result in dismissal for lack of appellate jurisdiction." Id. at 1466.
 
 
 5
 A motion for reconsideration under Fed.R.Civ.P. 59 tolls the time limit for appealing the underlying judgment. Fed.R.App.P. 4(a)(4); Taylor, 871 F.2d at 805. Nonetheless, a Rule 59 motion must be filed within ten days after entry of the judgment. Fed.R.Civ.P. 59(e); Younger, 739 F.2d at 1467. The time period is jurisdictional and cannot be extended by the district court. Fed.R.Civ.P. 6(b); Younger, 739 F.2d at 1467. An untimely motion does not toll the time period for appealing the underlying judgment. Younger, 739 F.2d at 1467.
 
 
 6
 In September 1991, Turner filed this employment discrimination action against Metro. On May 22, 1992, the district court sua sponte dismissed the complaint with prejudice on the basis of a release contained in a prior settlement agreement, which barred this action, between Turner and Metro. The district court entered the order on June 1, 1992. On July 16, 1992, Turner filed a motion for reconsideration and lodged a notice of appeal. Although Turner did not indicate which Federal Rule of Civil Procedure governed his motion, the district court treated it as a motion brought under Rule 59(e).[1] On August 13, 1992, the district court filed an order denying Turner's motion for reconsideration. Turner timely filed a notice of appeal from the denial of the motion.
 
 
 7
 The motion for reconsideration under Rule 59(e) was untimely as it was filed more than ten days after the entry of judgment. See Fed.R.Civ.P. 59(e). Because the Rule 59(e) motion was untimely and the notice of appeal was filed over 30 days after the entry of judgment, we lack jurisdiction to consider the underlying judgment. See Younger, 739 F.2d at 1467. Although the district court denied Turner's motion on the merits, we may affirm on any ground fairly presented by the record. Henry v. Gill Indus., Inc., Nos. 91-15727, 91-16004, slip op. 209, 222 (9th Cir. Jan. 12, 1993).
 
 
 8
 Accordingly, we affirm the district court's denial of Turner's motion on the ground that it was untimely. See Younger, 739 F.2d at 1467.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly declined to treat the motion under Rule 60(b) as Turner did not attempt to show any grounds for relief specified in Rule 60(b). See Lewis v. U.S. Postal Service, 840 F.2d 712, 713 n. 1 (9th Cir.1988). Accordingly, Turner does not and cannot argue that the motion was brought pursuant to Rule 60(b). See id