9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard A. CANATELLA, Plaintiff-Appellant,
and
Janine M. Hall, Individually and Guardians Ad Litem for
Krista D. Hall, a Minor, Plaintiff,
v.
Paul ARNO; Leo J. Schiavello; Massoud Vameghi, M.D.,
Defendants-Appellees.
Janine M. HALL, Individually and Guardian Ad Litem for
Krista D. Hall, a Minor, Plaintiff,
v.
Paul ARNO, et al.; Contra Costa County, Gary T. Yancey,
Maggie Fleming and Louise A. Hull, et al.,
Defendants-Appellees.
 Nos. 92-15738, 92-16037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Oct. 25, 1993.
 
 Before: FERGUSON, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Richard A. Canatella appeals from the district court's imposition of Rule 11 sanctions following Canatella's motions to vacate abstention orders, to vacate an order staying discovery, and to restore the cases to the civil active list. Canatella argues that the motions were not frivolous and were warranted by existing law. We affirm and award sanctions under Fed.R.App.P. 38 because the appeals are frivolous.
 
 STANDARD OF REVIEW
 
 3
 "[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law...." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1989).
 
 DISCUSSION
 
 4
 The district court abstained from exercising jurisdiction over the plaintiffs' claims under the rule set forth in Younger v. Harris, 401 U.S. 37 (1971), and stayed discovery. The propriety of that order is not at issue in this appeal. No motion for reconsideration was filed. Instead, Canatella filed an identical lawsuit in state court. When the defendants removed that lawsuit to the district court, Canatella moved to vacate the district court's earlier order abstaining and staying discovery. In support of that motion he presented the same arguments the district court rejected when the previous order was entered.
 
 
 5
 The previous order permitted the plaintiffs to seek modification of the abstention and discovery order at an "appropriate time." The only event that had occurred in the interim, however, was that Janine M. Hall's state habeas proceeding had finally been resolved against her. Her direct appeal, however, was still pending in state court. The constitutional issues presented by the claims then pending in the district court were either the same as, or inextricably intertwined with, the constitutional issues presented in Hall's direct state court appeal. Thus, the circumstances which prompted the district court to enter its earlier order abstaining and staying discovery remained unchanged.
 
 
 6
 We conclude that the district court did not abuse its discretion in imposing Rule 11 sanctions against Canatella.[1] We also grant the appellees their attorney fees and costs on appeal against Canatella as a sanction under Fed.R.App.P. 38. See Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984) (sanctions for attorney fees and costs appropriate when appeal frivolous under Fed.R.App.P. 38).
 
 
 7
 AFFIRMED. REMANDED to the district court for determination of the amount of attorney fees to be awarded to the appellees, together with their costs, pursuant to Fed.R.App.P. 38.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sanctions were not imposed against Canatella's clients. They disavowed any part in the lawsuit Canatella filed in state court, as well as any part in the pending federal court proceedings