40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Lee FAIN, Plaintiff-Appellant,
v.
Robert G. BORG; Beckford; and Pieper, Mailroom Sergeant,
et al. Defendants-Appellees.
 No. 93-15511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 23, 1994.
 
 Before: CHOY, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Eddie Lee Fain, a California state prisoner, appeals pro se the district court's summary judgment in this 42 U.S.C. Sec. 1983 action, arising from the allegedly unconstitutional handling of his confidential mail. Fain also contends that the district court erred when it refused to impose sanctions on the defendants for various defects in signing and serving their pleadings. We have jurisdiction, see 28 U.S.C. Sec. 1291, and affirm.
 
 DISCUSSION
 I. Summary Judgment on Section 1983 Claim
 
 3
 Section 1983 imposes two proof requirements on Fain. First, he must demonstrate that the defendants were acting under color of state law. Second, he must prove that the challenged conduct deprived him of a right protected by federal law. Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir.1988). At issue is whether Fain produced evidence sufficient to satisfy the second requirement. We review de novo the district court's determination that he did not. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 A. Defendants' Conduct--Failure to Train
 
 4
 Borg, Bickford and Pieper are all supervisory officials with responsibility for the implementation of Folsom Prison mailroom policies. Under Sec. 1983, they cannot be held "liable for actions of subordinates on any theory of vicarious liability." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir.1989). For Fain to prevail he must demonstrate "(1) [their] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between [their] wrongful conduct and the constitutional violation." Id. at 646.
 
 
 5
 Fain offered no evidence to contradict defendants' assertions that they were not personally involved in the wrongful processing of his confidential mail. However, Fain correctly argues that the required causal connection between conduct by the defendants and a violation of his constitutional rights may be established by demonstrating the defendants' deliberate indifference to their training and supervisory responsibilities. See City of Canton v. Harris, 489 U.S. 378, 388 (1989) (setting out standard for municipal liability).
 
 
 6
 To survive summary judgment on the failure to train theory, Fain "must set forth specific facts as to each individual defendant's deliberate indifference." Leer, 844 F.2d at 634. The evidence to which Fain points does not meet this threshold.
 
 
 7
 Fain relies in part on the affidavit of Barbara D. Chastain, a correctional case records supervisor assigned to the records office at Old Folsom Prison. In her affidavit Ms. Chastain states that clerical workers in the records office "are not trained legal specialists and may not recognize the difference between one legal document and another." This evidence does not support Fain's claim. The clerical workers to which Ms. Chastain refers do not work in the mailroom and are not responsible for processing incoming mail addressed to Fain.
 
 
 8
 Fain also relies on his own sworn statements and the attached original letters and envelopes that he contends were illegally opened. A number of these envelopes, including letters from attorneys and the district court, bear the prison mailroom's stamp "Opened in Error." The defendants acknowledge that on seven occasions confidential letters, as defined by California prison regulations,[1] were erroneously opened out of Fain's presence. In addition, Fain's failure to train theory is supported by (1) his sworn statement that the opening of his confidential mail has been ongoing for two and one half years, and (2) other prisoners' statements that they have had similar experiences. The record does not indicate the relative frequency of the erroneous opening of confidential mail.
 
 
 9
 These facts are insufficient to demonstrate any of the individual defendant's deliberate indifference. Before concluding that any of the defendants exhibited deliberate indifference to plaintiff's rights, the fact finder would have to conclude that they were responsible for an inadequate training program. See City of Canton, 489 U.S. at 390. To make such a finding, there must be evidence as to what that training was and who was responsible for carrying it out. See Davis v. Mason County, 927 F.2d 1473, 1482-83 (9th Cir.) (evaluating this type of evidence), cert. denied, 112 S.Ct. 275 (1991); Reed v. Hoy, 909 F.2d 324, 331 (9th Cir.1989) (same), cert. denied, 501 U.S. 1250 (1991). Fain, however, has offered no evidence concerning (1) the training of mailroom personnel, or (2) the defendants involvement with this training.
 
 
 10
 The necessary record evidence to raise a question regarding Sec. 1983 liability on the part of the defendants is absent.
 
 II. Sanctions
 
 11
 Fain complains that the district court should have sanctioned the defendants for defects in the signing and serving of certain pleadings. We review for abuse of discretion the district court's refusal to impose sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (review of order imposing sanctions).
 
 
 12
 First, Fain contends that the defendants' failure to serve him on nine different occasions with signed declarations of service constitutes a violation Federal Rule of Civil Procedure 11 and corresponding Local Rule 131, making sanctions appropriate. The copies of these declarations filed with the district court are signed. Those accompanying the signed pleadings sent to Fain are inscribed with an "/s/" on the signature line. Because a declaration of service merely provides the court with evidence that the opposing side has complied with the service requirement of Rule 5(a), no conceivable policy is served by concluding that this conduct violates Rule 11. See Fed.R.Civ.P. 1 (rules construed "to secure the just, speedy, and inexpensive determination of every action").
 
 
 13
 Second, Fain contends that although the defendants served him with notice of filing his deposition, their failure to serve him with a copy of the deposition itself violated Rule 5(a) and corresponding Local Rule 135(b) and entitles him to sanctions and a reversal of the summary judgment. Assuming arguendo that defendants violated these rules,[2] Fain did not properly object to this lack of service in the district court. He first raised the issue in his Rule 60(b) motion to vacate the judgment. Fain filed this motion together with the notice of appeal. His filing of the notice of appeal divested the district court of jurisdiction to consider the motion. Order, filed April 12, 1993; see also Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Therefore, he did not properly raise the issue in the district court and has waived the objection. See Long v. Director, Office of Workers' Compensation Programs, 767 F.2d 1578, 1583 (9th Cir.1985).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cal.Code Regs. tit. 15, Secs. 3141 and 3144
 
 
 [2]
 The defendants cite Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991) for the proposition that they were not required to serve Fain with the deposition. The case concerns a prisoner's right to free photocopying. It does not address the question before the court