46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward J. SCHULER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, et al., Defendants-Appellees.
 No. 94-15743.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward J. Schuler appeals pro se the district court's denial of his Fed. R. Civ. P. 60(b) motion for reconsideration. Schuler contends that the district court should have granted his motion for a new trial or amended its judgment in his action challenging the Secretary of Health and Human Services's ("Secretary") denial of disability benefits under 42 U.S.C. Sec. 405(g). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Schuler appealed from the district court's underlying decision to this court on December 3, 1992. In Schuler v. Shalala, No. 92-17091, unpublished memorandum (Aug. 25, 1993 9th Cir.), we affirmed the district court's decision upholding the Secretary's denial of disability benefits to Schuler because he had failed to prove that he was disabled prior to his last insured date, June 30, 1983.
 
 
 5
 After our decision, Schuler filed a motion for a new trial with the district court in which he contended that he was employed, and should have been covered by social security from July 1985 through January 1987. As a consequence, he argued, his disability should be considered to have arisen while he was insured.
 
 
 6
 The district court reviewed Schuler's motion and denied it. The court found that the evidence presented did not prove that there had been a mistake in the calculation of the period for which he was insured. Moreover, the court found that even if there were a mistake, the evidence presented in the motion was not presented to the Secretary and thus did not warrant amending the court's judgment. Schuler timely appeals.
 
 II
 Analysis
 
 7
 A. District Court's Jurisdiction to Hear Motion
 
 
 8
 Normally, the filing of a notice of appeal divests the district court of jurisdiction. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Thus, during the pendency of the appeal, the district court may not rule on any post-judgment motion, unless the appellate court remands the case to the district court. See id. "[O]nce the appellate mandate has issued, [however], leave of this court is not required for district court consideration of a Rule 60(b) motion." Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 773-74 (9th Cir.), cert. denied, 479 U.S. 987 (1986); Canadian Ingersoll-Rand Co. v. Peterson Prods. of San Mateo, Inc., 350 F.2d 18, 28 (9th Cir. 1965). Accordingly, Schuler's motion, filed after our decision was properly before the district court.[1]
 
 B. Denial of 60(b) Motion[2]
 
 9
 We review the denial of a motion to reconsider under Fed. R. Civ. P. 60(b) for abuse of discretion. Northern Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir. 1992). Our review is limited to the denial of the Rule 60(b) motion and does not extend to the merits of the underlying judgment. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir. 1991). We will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir. 1989).
 
 
 10
 Here, the district court did not abuse its discretion by finding that the information contained in Schuler's motion for reconsideration did not warrant amending its judgment. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, the government contends that our order denying Schuler's motion for a stay of the mandate and prohibiting any "further motions for reconsideration, rehearing, clarification, stay of the mandate, or any other submissions ... in this case" should extend to any motions filed with the district court too. We decline to read our order as circumscribing the district court's docket in that manner
 
 
 [2]
 We construe Schuler's motion to reconsider as a Rule 60(b) motion because it was filed more than ten days after entry of judgment. See Fed. R. Civ. P. 60(b) & 59(e)