107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Norma J. HURT, Debtor-Appellee.
NEVADA-WEST SYSTEMS, INC.; Zeco, Inc.; B. Spain; Kachina
Plywood, Inc.; Robertson Wood Products, Inc.;
Intermountain Wood Products, Inc.;
Canco, Inc., Appellants,
v.
Milton G. PACE; John C. Hoover; Duane Varbel; David J.
Gering, Appellees.
 No. 95-17157.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1997.*
Decided March 6, 1997.
 
 Before: BRUNETTI, FERNANDEZ and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada-West Systems, Inc.; ZECO, Inc.; B. Spain; Kachina Plywood, Inc.; Robertson Wood Products, Inc.; Intermountain Wood Products, Inc.; and CANCO, Inc. (collectively Nevada-West) appeal the Bankruptcy Appellate Panel decision, which vacated sanctions against them but which did not vacate sanctions against Duane Varbel and David G. Gering. The latter two never did appeal the award of sanctions or, ultimately, their amount; they simply paid the sanctions in their entirety. We affirm.
 
 
 3
 (1) It is the general rule that a party cannot maintain an action to recover for an injury to another person. See, e.g., Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); Taxel v. Electronic Sports Research (In re Cinematronics, Inc.), 916 F.2d 1444, 1448 (9th Cir.1990). No exception to that general rule appears here. Thus, even if Varbel and Gering were, somehow, injured, Nevada-West cannot maintain this appeal to set aside sanctions awarded against and paid by them.
 
 
 4
 We are cognizant of the assignment of rights from Varbel to attorney George R. Carter. However, as the BAP pointed out, that cannot help Nevada-West because Carter is not a party to this appeal either and because Varbel himself did not appeal the sanctions order, which became final long before the purported assignment of rights was made.
 
 
 5
 (2) In her brief, Hurt asked that we award sanctions against Nevada-West and attorney Carter for filing a frivolous appeal. See Fed.R.App.P. 38. We issued an order to show cause regarding that request. We now agree that this appeal is frivolous, "the result is obvious," and "the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988); see also Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984). We, therefore, exercise our discretion to award sanctions in the amount of $4,000.00 attorneys' fees and costs of appeal in favor of Hurt and against George R. Carter, Nevada-West Systems, Inc.; ZECO, Inc.; B. Spain; Kachina Plywood, Inc.; Robertson Wood Products, Inc.; Intermountain Wood Products, Inc.; and CANCO, Inc., jointly and severally.
 
 
 6
 AFFIRMED; sanctions awarded, as set forth above, in favor of Hurt and against appellants and their counsel.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3