**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

JUN 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY AMERSON,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>KINDREDCARE, INC,<br><br>    Defendant - Appellee. | No. 13-16235<br><br>D.C. No. 3:12-cv-05715-JCS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted May 14, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, OWENS, Circuit Judge and COLLINS,[***] Chief
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raner C. Collins, Chief District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

Anthony A. Amerson appeals from the district court's judgment denying his motion for reconsideration for the dismissal of his claims under Title VII and Title IX. We review the district court's denial of Amerson's Rule 59(e) motion for reconsideration for abuse of discretion. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Amerson, through his attorney, Michael K. Martin, attempted to electronically file his complaint against Kindredcare on November 5, 2012. Mr. Martin filed the complaint two days after the statute of limitations because he was unaware that the complaint must be manually filed with the court. The district court granted Kindredcare's motion to dismiss the complaint as untimely. In a motion for reconsideration, Amerson argued that the district court erred in not applying the doctrine of equitable tolling to his complaint. Amerson appeals the district court's order denying his motion for reconsideration.

The district court did not err in denying Amerson's motion for reconsideration. A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Amerson filed his motion for reconsideration 36 days after the deadline for filing a Rule 59(e) motion. The time period for filing a Rule 59(e) motion is jurisdictional and cannot be extended

2

by the court.  Fed. R. Civ. P. 6(b).  Because Rule 59(e) is jurisdictional, the district court lacked jurisdiction to grant Amerson's motion for reconsideration.  *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992).  Thus, the district court properly denied Amerson's motion as untimely.

Furthermore, we lack jurisdiction to reach the issue of whether equitable tolling applies in this case because Amerson failed to timely file a notice of appeal as to the underlying judgment of dimissal.  To preserve an appeal of the underlying judgment, a notice of appeal must be filed within 30 days after the date of entry of the judgment.  Fed. R. App. P. 4(a)(1).  The time limitations of Rule 4(a) are mandatory and jurisdictional.  *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984).  A timely motion for reconsideration under Rule 59 tolls the time limit for appealing the underlying judgment. Fed. R. App. P. 4(a)(4).  "The filing of an untimely motion will not toll the running of the appeal period."  *Scott*, 739 F.2d at 1467.  Amerson's untimely Rule 59(e) motion did not toll the time period to file a notice of appeal as to the underlying judgment.  We, therefore, lack jurisdiction to review the district court's grant of Kindredcare's motion to dismiss.  *Id.* at 1466 ("Failure to timely file a notice of appeal must result in dismissal for lack of appellate jurisdiction.").

**AFFIRMED**.