**Richard L. NEVITT,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 88–3789.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 1989 *.

Decided Oct. 5, 1989.

---

Richard L. Nevitt, Anchorage, Alaska, pro se.

John T. Stahr, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before O'SCANNLAIN, LEAVY and TROTT, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We decide the jurisdictional question of whether the time limit for filing certain motions for relief from judgment is tolled during the pendency of an appeal.

I

Nevitt filed a Homestead Act claim with the Alaska office of the Bureau of Land Management ("BLM") in 1973. 43 U.S.C. §§ 161, 164 (repealed 1976). After years of administrative proceedings the BLM eventually denied Nevitt's claim and the Interior Board of Land Appeals ("IBLA") affirmed the decision of the BLM. Nevitt then sought judicial review of the IBLA order in the district court which granted BLM summary judgment on September 10, 1985.

On October 8, 1985, Nevitt filed a notice of appeal to this court which eventually affirmed the district court judgment on September 28, 1987. *Nevitt v. United States*, 828 F.2d 1405 (9th Cir.1987).

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

On February 14, 1986, during the pendency of the appeal, Nevitt filed in district court, purportedly pursuant to Rule 60(b)(2), a "Motion for Relief from Judgment and to Perpetuate Testimony Upon Newly Discovered and Supplemental Evidence and to Remand." The district court refused to consider Nevitt's motion while the appeal was pending. Nevitt thereafter filed an appeal of the district court's refusal to hear the motion; that appeal was subsequently voluntarily dismissed.

On October 29, 1987, Nevitt filed a new motion for relief from the 1985 judgment, again purportedly pursuant to Rule 60(b)(2), which the district court denied on March 21, 1988, concluding on the merits that the law of the case doctrine barred consideration of the controlling issue already decided by this court. This appeal from the denial of that motion was timely filed.

## II

The district court was without jurisdiction to consider Nevitt's second Rule 60(b)(2) motion. A motion for relief from judgment based on a mistake (Rule 60(b)(1)), newly discovered evidence (Rule 60(b)(2)), or fraud (Rule 60(b)(3)) shall be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b).

In *Scott v. Younger,* 739 F.2d 1464 (9th Cir.1984), we held that a Rule 60(b)(3) motion was untimely when filed in the district court almost two years after judgment. *Id.* at 1466. The government's brief suggests, and we agree, that Nevitt's Rule 60(b)(2) motion is untimely because the one-year limitation period is not tolled during an appeal. *See Corn v. Guam Coral Co.,* 318 F.2d 622, 630 (9th Cir.1963) (construing the Guam version of Rule 60(b) but stating that "Federal Rule 60(b) does not take account of the pendency of an appeal in computing the maximum period during which a motion thereunder may be filed"). Although we have not expressly held that pendency of an appeal does not toll the one year period, we do so now.

Several circuits are in accord. *See, e.g., Moolenaar v. The Virgin Islands,* 822 F.2d 1342, 1346 n. 5 (3d Cir.1987); *Egger v. Phillips,* 710 F.2d 292, 329 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983); *Greater Boston Television Corp. v. FCC,* 463 F.2d 268, 280 (D.C.Cir.1971), *cert. denied,* 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972); *Transit Casualty Co. v. Security Trust Co.,* 441 F.2d 788, 791 (5th Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971); *see also* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.28[2], at 60–316 n. 20 (2d ed. 1987) (to allow an appeal to toll the one year limit would "unduly impair the finality of judgments" for "[a]ppellate proceedings may take months and even years to complete").

## III

Since the Rule 60(b)(2) motion was not filed within one year of entry of judgment, the district court lacked jurisdiction to consider it. We need not, therefore, reach the merits of this appeal.

AFFIRMED.