Donald C. ERICKSON, Plaintiff—
Appellant,

v.

NEWMAR CORPORATION,
Defendant—Appellee,

and

CIT Group/Sales Financing Inc.,
Defendant-intervenor-
Appellee.

No. 03–15761.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Donald C. Erickson, Prospect, OR, Plaintiff–Appellant Pro se.

Glenn L. Duncan, Thorne, Grodnik & Ransel, Elkhart, IN, Stephen L. Morris, Chris Davis, Esq., Morris Pickering and Sanner, Las Vegas, NV, for Defendant–Appellee.

Douglas D. Gerrard, Gerrard & Cox, Las Vegas, NV, Defendant–intervenor–Appellee.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Donald C. Erickson appeals pro se the district court's order denying his motion for reconsideration of its judgment, following two bench trials, in his action against Newmar Corporation alleging various state and federal-law claims in connection with his purchase of a motor home. We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe an untimely motion for reconsideration as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and review its denial for abuse of discretion. *Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463 & n. 35 (9th Cir.1992). We affirm.

■■■ The district court entered judgment in Erickson's case on June 9, 1998. Erickson filed his motion for reconsideration on December 19, 2002, more than four years after entry of judgment. To the extent Erickson's motion for reconsideration was made on the basis of new evi-

dence or fraud and therefore pursuant to Rule 60(b)(2) or 60(b)(3), it was untimely, and the district court lacked jurisdiction to consider the merits of the motion. *See Nevitt v. United States,* 886 F.2d 1187, 1188 (9th Cir.1989). To the extent Erickson's motion was based on Rule 60(b)(6), he failed to demonstrate "extraordinary circumstances" that prevented him "from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). Irregularities in the motor home title would, at most, invalidate a sale that has already been rescinded.

Erickson's remaining contentions lack merit.

We deny Erickson's motion for judicial notice. The clerk shall file Erickson's supplemental reply brief and excerpts of record received on February 2, 2004.

The parties shall bear their own costs on appeal.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.