**Wayne T. ZIEGLER, Plaintiff–Appellant,**

v.

**BANK OF AMERICA, NT & SA; et al., Defendants–Appellees.**

No. 05–16604.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Wayne T. Ziegler, Houston, TX, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Somnath Raj Chatterjee, Esq., Morrison & Foerster, LLP, San Francisco, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

Wayne T. Ziegler appeals pro se from the district court's order denying his motion for relief from judgment in his underlying action alleging, *inter alia,* that Bank of America conspired with a property storage company to convert Ziegler's assets. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's ruling on a motion under Fed.R.Civ.P. 60(b)(6), *Delay v. Gordon,* 475 F.3d 1039, 1043 (9th Cir.2007), and we review de novo its ruling on a motion to set aside a judgment as void, *Export Group v. Reef Indus., Inc.,* 54 F.3d 1466, 1469 (9th Cir.1995). We affirm.

The district court entered final judgment in Ziegler's action on January 29, 2003, and Ziegler filed his motion for relief from judgment on May 31, 2005. To the extent Ziegler's motion was based on excusable neglect or judicial error and therefore pursuant to Fed.R.Civ.P. 60(b)(1), it was untimely, and the district court lacked jurisdiction to consider the merits of the motion. *See Nevitt v. United States,* 886 F.2d 1187, 1188 (9th Cir.1989). To the extent Ziegler's motion was based on the catch-all provision of Rule 60(b)(6), he failed to demonstrate "extraordinary circumstances" that prevented him "from

R.App. P. 34(a)(2).

taking timely action to prevent or correct an erroneous judgment." *Delay,* 475 F.3d at 1044 (citation omitted).

The district court properly denied Ziegler's motion to vacate the judgment as void pursuant to Rule 60(b)(4), because he failed to demonstrate that the district court "lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke,* 170 F.3d 882, 883 (9th Cir.1999) (citation omitted); *see also Sasson v. Sokoloff (In re Sasson),* 424 F.3d 864, 872 (9th Cir.2005) (doctrines of res judicata and "full faith and credit" do not affect the jurisdiction of federal courts).

Ziegler's remaining contentions are also unpersuasive.

We grant Appellee's request for judicial notice.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.