**Darrell K. WHITTINGTON,**
Plaintiff–Appellant,

v.

**OWENS–ILLINOIS, INC.,**
Defendant–Appellee.

No. 07–16009.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Darrell K. Whittington, Ione, CA, pro se.

Stephen M. Hankins, Schiff Hardin LLP, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

### MEMORANDUM **

Darrell K. Whittington appeals pro se from the district court's judgment dismissing his employment discrimination action and from the order denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). We have jurisdiction to review the order under 28 U.S.C. § 1291. We dismiss in part and affirm in part.

■ We lack jurisdiction to review Whittington's challenges to the underlying judgment because the notice of appeal was filed more than thirty days after entry of

judgment and the Rule 60(b)(1) motion did not toll the time to appeal from the judgment. *See* Fed. R.App. P. 4(a)(1)(A), (a)(4)(A)(vi); *Wages v. IRS,* 915 F.2d 1230, 1233–34 (9th Cir.1990) (concluding that the court could not review the underlying judgment because appellant failed to file a timely appeal or tolling motion).

■ The district court properly denied Whittington's Rule 60(b)(1) motion because it was filed more than one year after entry of judgment. *See* Fed.R.Civ.P. 60(c)(1) (requiring a motion under Rule 60(b)(1)—(3) to be made within one year after entry of judgment); *Nevitt v. United States,* 886 F.2d 1187, 1188 (9th Cir.1989) (holding that the district court lacked jurisdiction to consider a Rule 60(b)(2) motion filed more than one year after entry of judgment). We do not consider Whittington's contention regarding Rule 60(b)(6) because it was not raised in the district court. *See Campbell v. Burt,* 141 F.3d 927, 931 (9th Cir. 1998).

**DISMISSED in part; AFFIRMED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.