FILED

JAN 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVERLY ANN HOLLIS-ARRINGTON, Plaintiff - Appellant, v. CENDANT MORTGAGE CORPORATION; UNITED GUARANTY INSURANCE COMPANY, Erroneously Sued As United Guaranty Residential Insurance Company, Defendants - Appellees. | No. 10-56649 D.C. No. 2:00-cv-11125-CBM-AJW MEMORANDUM[*] |
| BEVERLY ANN HOLLIS-ARRINGTON, Plaintiff - Appellant, v. CENDANT MORTGAGE CORPORATION; et al., Defendants - Appellees, and | No. 10-56651 D.C. No. 2:01-cv-05658-CBM-AJW |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HAROLD TENNEN; ED FELDMAN,

Intervenors - Appellees.

Appeals from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

In these consolidated appeals, Beverly Ann Hollis-Arrington appeals pro se from the district court's orders denying her motions to set aside the judgments in two actions arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination of jurisdiction over a Fed. R. Civ. P. 60(b) motion, *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984), and for an abuse of discretion the district court's denial of such a motion, *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006). We affirm.

To the extent that Hollis-Arrington's Rule 60(b) motions to set aside the judgments fall within Rule 60(b)(3), the district court properly denied them as

---

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

untimely because Hollis-Arrington filed the motions more than one year after the judgments were entered. *See* Fed. R. Civ. P. 60(b)(3) (allowing relief from judgment for "fraud . . ., misrepresentation, or misconduct by opposing party"); Fed. R. Civ. P. 60(c)(1) (Rule 60(b)(3) motion must be made within one year of entry of judgment); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (a district court lacks jurisdiction to consider an untimely motion to set aside a judgment).

To the extent that Hollis-Arrington's motions fall within Rule 60(b)(6), the district court did not abuse its discretion by denying them because Hollis-Arrington failed to establish extraordinary circumstances. *See Latshaw*, 452 F.3d at 1104 (while "'fraud on the court' can sometimes constitute extraordinary circumstances meriting relief under Rule 60(b)(6)," such relief is construed narrowly).

Hollis-Arrington's remaining contentions, including those regarding Rule 60(b)(4), are unpersuasive.

Hollis-Arrington's request for judicial notice is granted.

**AFFIRMED.**