FILED

MAY 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN BURTON,

          Plaintiff - Appellant,

  v.

SPOKANE POLICE DEPARTMENT,
(SPD) Uniformed Public Safety Division;
et al.,

          Defendants - Appellees.

No. 11-35267

D.C. No. 2:06-cv-00322-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

   Washington state prisoner John Burton appeals pro se from the district

court's order denying his motion to vacate the judgment in his 42 U.S.C. § 1983

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's determination of jurisdiction over a Fed. R. Civ. P. 60(b) motion, *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984), and for an abuse of discretion the district court's denial of such a motion, *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).  We affirm.

The district court properly denied as untimely Burton's motion to vacate the judgment under Rule 60(b)(2) or (3) because it was filed more than one year after summary judgment was granted for defendants.  *See* Fed. R. Civ. P. 60(c)(1) (requiring a motion under Rule 60(b)(1)-(3) to be made within one year after entry of judgment); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (a district court lacks jurisdiction to consider an untimely motion to vacate a judgment).

To the extent that Burton's motion falls within Rule 60(b)(6), the district court did not abuse its discretion when it denied Burton's motion because his almost two-year delay before filing the motion was unreasonable.  *See* Fed. R. Civ. P. 60(c)(1) (required a motion under Rule 60(b) to be made within a "reasonable time"); *Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 526 (9th Cir. 1991) (holding that it was not an abuse of discretion to find an unexcused two-year delay unreasonable).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Burton's pending motions are denied.

**AFFIRMED.**