**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BURTON, | No. 12-35643 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00322-RHW |
| v. | |
| SPOKANE POLICE DEPARTMENT, (SPD) Uniformed Public Safety Division; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Washington state prisoner John Burton appeals pro se from the district

court's order denying his motion to vacate the judgment in his 42 U.S.C. § 1983

action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's determination of jurisdiction over a Fed. R. Civ. P. 60(b) motion, *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984), and for an abuse of discretion the district court's denial of such a motion, *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006). We may affirm on any ground supported by the record. *Herring v. FDIC*, 82 F.3d 282, 284 (9th Cir. 1996). We affirm.

The district court lacked jurisdiction to consider Burton's motion to vacate the judgment under Rule 60(b)(2) or (3) because the motion was filed more than one year after summary judgment was granted for defendants. *See* Fed. R. Civ. P. 60(c)(1) (requiring a motion under Rule 60(b)(1)-(3) to be made within one year after the entry of the judgment or order); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (a district court lacks jurisdiction to consider an untimely motion to vacate a judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**