

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-14-1365-KiKuD |
| ) | |
| DANNY WAYNE PRYOR, ) | Bk. No.   2:09-bk-23842-BR |
| ) | |
| Debtor. ) | Adv. No.   2:09-ap-02322-BR |
| ) | |
| _____ ) | |
| ) | |
| DANNY WAYNE PRYOR, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| ITEC FINANCIAL, INC., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on February 19, 2015,
at Los Angeles, California

Filed - April 6, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:   Appellant Danny Wayne Pryor argued pro se; Michael D. Franco argued for appellee, ITEC Financial, Inc.

Before:  KIRSCHER, KURTZ and DUNN, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Appellant, chapter 7[2] debtor Danny Wayne Pryor, appeals an order denying his motion for relief from judgment under Civil Rule 60(b)(1), (2), (3), (6) and (d)(3). In a prior proceeding, the bankruptcy court: entered a default judgment; excepted from discharge under § 523(a)(2)(A) the debt of appellee, ITEC Financial, Inc.; and denied Pryor's discharge under § 727(a)(2), (3), (4) and (5) ("Judgment"). On appeal, the Panel affirmed the bankruptcy court's § 523(a)(2)(A) ruling but vacated the § 727 rulings for lack of evidence and remanded for entry of an amended judgment. Pryor appealed the Panel's decision to the Ninth Circuit Court of Appeals, which affirmed. Several months later, Pryor filed the instant motion before the bankruptcy court seeking relief from the Judgment. We AFFIRM, in part, and VACATE and REMAND, in part.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Panel's Memorandum Decision issued on August 12, 2011, in Case No. 10-1258, contains a more thorough background of this appeal.

ITEC is engaged in the business of real estate investments, construction and loan funding in Los Angeles. Pryor is a general contractor and real estate developer. In 2006 and 2007, ITEC and Pryor engaged in three real estate development projects owned by Pryor. ITEC provided Pryor, either directly or through one of his entities, various loans for the projects.

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

**A.  The underlying bankruptcy case and prior appeal**

Pryor filed his first bankruptcy case under chapter 11 on March 28, 2008.  The bankruptcy court dismissed that case on May 21, 2008, for cause under § 1112(b) and imposed a one-year bar from filing another bankruptcy case.  In violation of the order, Pryor filed a chapter 7 case on March 9, 2009.  The court promptly dismissed that case on May 5, 2009.

On June 7, 2009, Pryor filed another chapter 7 case, initiating the bankruptcy case involved in the prior appeal before the Panel and this appeal.  ITEC filed its complaint seeking relief under §§ 523 and 727; Pryor filed his answer pro se.  As a sanction for Pryor's failure to appear at a status conference or comply with ITEC's discovery requests, the bankruptcy court struck his answer and entered a default.  Pryor moved for reconsideration of the order striking his answer; the bankruptcy court denied it.  Pryor failed to appeal that order.

ITEC then moved for a default judgment, which Pryor untimely opposed on the day of ITEC's prove-up hearing.  ITEC offered a declaration from the president of ITEC, Nina Patel, and extensive exhibits.  Pryor's untimely response failed to address any of the representations contained in Patel's declaration.  However, according to the Judgment, Pryor did offer extensive oral argument.

The bankruptcy court entered the Judgment on July 30, 2010.  Pryor timely appealed the Judgment to the Panel.  On August 12, 2011, the Panel issued its Memorandum Decision and judgment affirming the Judgment on the § 523(a)(2)(A) claim, vacating the Judgment on the § 727 claims and remanding the appeal to the

-3-

bankruptcy court to enter an amended judgment. The Panel denied Pryor's motion for rehearing. Pryor timely appealed the Panel's § 523(a)(2)(A) determination to the Ninth Circuit. ITEC did not cross-appeal the Panel's adverse ruling on the § 727 claims. On October 23, 2013, the Ninth Circuit affirmed the Panel's ruling excepting ITEC's Judgment from Pryor's discharge under § 523(a)(2)(A). During the pendency of the appeals, the bankruptcy court ordered the estate's claims, if any, against ITEC abandoned to Pryor.

**B.    Pryor's motion to set aside the Judgment**

On April 23, 2014, Pryor moved the bankruptcy court to set aside the Judgment under Civil Rule 60(b)(1), (2), (3), (6) and (d)(3) ("Motion to Set Aside Judgment"). Although mostly incomprehensible, the gist of Pryor's motion alleges that ITEC committed "extrinsic fraud" by failing to disclose to the bankruptcy court that it failed to obtain a license to issue the subject loans and that such loans contained usurious interest charges and unenforceable provisions.

Pryor also contended that new evidence uncovered in the state court trial now revealed ITEC's unlicensed status and its inability to conduct any actions requiring a license under the laws of California, as set forth in Exhibit H in his Request for Judicial Notice. Exhibit H consisted of Pryor's motion for a new trial filed in his state court action against ITEC, which referenced the alleged new document obtained from the Department of Real Estate ("DRE") regarding Patel's licensing history.

Pryor argued that the bankruptcy court entered the $11 million judgment in favor of ITEC without knowing of the

-4-

alleged fraud and thereby allowed ITEC to recover the judgment on allegedly illegal and usurious loans as an exception to his discharge. Thus, given the alleged voidness and unenforceability of ITEC's loans, Pryor argued the Judgment had to be set aside under Civil Rule 60(b)(1), (2), (3), (6) and (d)(3).

ITEC opposed the Motion to Set Aside Judgment, contending that: it had no merit; and it constituted a bad faith filing and Pryor's fourth attempt to defend against the allegations of the dischargeability complaint. In addition to arguing that the motion should be denied for being incomprehensible, ITEC argued that Pryor failed to file the motion timely and failed to cite any authority for vacating a judgment after two appeals. Furthermore, the motion's alleged "extrinsic fraud" involved an old and stale issue; Pryor had raised this issue before the trial and appellate courts. Each court determined the alleged "extrinsic fraud" claim had no merit. ITEC additionally requested that the bankruptcy court declare Pryor a vexatious litigant.

In reply, Pryor argued that he timely filed the Motion to Set Aside Judgment because the one-year filing rule under Civil Rule 60(c) did not start to run until the Ninth Circuit entered its ruling on the Judgment on October 23, 2013. Pryor contended that FRAP 41(a) and (c) and the Mandate entered by the Ninth Circuit on May 15, 2014, failed to establish the finality of the Judgment for purposes of Civil Rule 60 until October 23, 2013. Pryor criticized ITEC for failing to address the substantial evidence establishing that ITEC committed fraud against him and the bankruptcy court. Pryor did not oppose the vexatious litigant request, stating only that "[n]ow ITEC would like this Court to

-5-

label PRYOR vexatious." In support of his reply, Pryor filed a Request for Judicial Notice containing the Mandate from the Ninth Circuit, a copy of the DRE document regarding Patel's licensing history, and the adversary docket report.

The bankruptcy court held a brief hearing on the Motion to Set Aside Judgment on June 25, 2014, during which it ruled:

> I have read your motion, and as I indicated last time, this is just not timely under Rule 60. It's way -- you seem to think that the remand of these things after an appeal is a year. That is not true at all. You're talking about a judgment that was entered here a long time -- has long since passed.
>
> A lot of your stuff, quite frankly . . . Mr. Pryor, I've seen your work before, it's really incomprehensible. I read through it and I can't follow a lot of it.
>
> In addition, . . . I think that you have filed so many of these things that I am going to declare you a vexatious litigant. Your arguments are just way beyond anything that's reasonable.

Hr'g Tr. (June 25, 2014) 1:15-2:7.

The bankruptcy court entered an order denying the Motion to Set Aside Judgment and declaring Pryor a vexatious litigant on July 7, 2014 ("Order"). Pryor timely appealed the Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158(b).

## III. ISSUE

Did the bankruptcy court abuse its discretion when it denied the Motion to Set Aside Judgment?

## IV. STANDARD OF REVIEW

We review denials of motions for relief under Civil Rule 60 for an abuse of discretion. See United States v. Stonehill, 660 F.3d 415, 443 (9th Cir. 2011). Accordingly, we reverse where

-6-

the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible or without support in inferences that may be drawn from the record. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). An appeal from an order denying a Civil Rule 60 motion raises only the merits of the order denying the motion and does not raise the merits of the underlying judgment, unless it is filed within the time period required by 8002(b)(4).[3] See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

## V. DISCUSSION

Pryor contends the bankruptcy court abused its discretion in denying the Motion to Set Aside Judgment as untimely. Pryor also attempts to argue the underlying merits of the Judgment and matters that have already been decided against him by the state court. However, those matters are not properly before us. The only issue relevant to this appeal is whether the bankruptcy court abused its discretion in entering the Order.

**A. The bankruptcy court did not abuse its discretion in denying the Motion to Set Aside Judgment under Civil Rule 60(b)(1), (2) or (3), but did abuse its discretion in denying it under Civil Rule 60(d)(3).**

Pryor sought relief from the Judgment under Civil Rule 60(b)(1), (2), (3), (6) and (d)(3). His motion, however, at best only sets forth any facts, argument or authority for relief under Civil Rule 60(b)(2) (newly discovered evidence), (b)(3) (fraud) and (d)(3) (fraud on the court). He made no allegations as to any

---

[3] Rule 8002(b)(4), given a rule amendment effective December 1, 2014, is now designated Rule 8002(b)(1)(D).

-7-

mistake, inadvertence, surprise or excusable neglect on his behalf under (b)(1); nor did he provide any basis for the "catch all" relief under (b)(6). In his reply, Pryor failed to even mention (b)(6). Pryor also fails to cite to, or make any argument for, (b)(6) on appeal. Thus, his claim for relief under Civil Rule 60(b)(6) is considered waived. Golden v. Chi. Title Ins. Co. (In re Choo), 273 B.R. 608, 613 (9th Cir. BAP 2002) (arguments not raised in the appellant's opening brief are deemed waived).

Even if not waived, a movant under Civil Rule 60(b)(6) "is required to establish the existence of extraordinary circumstances, which prevented or rendered him unable to prosecute an appeal." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012) (citation omitted). Because Pryor successfully prosecuted two appeals of the Judgment, he cannot establish a claim for relief under (b)(6). Further, Pryor had asserted claims for "fraud on the court" and "newly discovered evidence," which are enumerated reasons in Civil Rule 60(b)(1)-(5). See Gonzales v. Crosby, 545 U.S. 524, 528-29 (2005) (Civil Rule 60(b)(6) permits relief when the movant shows any reason justifying relief from the judgment **other** than those more specific circumstances set out in Civil Rule 60(b)(1)-(5)). To the extent Pryor argues he had a claim under Civil Rule 60(b)(1), as we explain more thoroughly below, his claim was untimely.

Civil Rule 60(b), incorporated by Rule 9024, provides that the court may relieve a party from a final judgment for several reasons, including: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

-8-

move for new trial under Civil Rule 59(b); or (3) fraud (whether extrinsic or intrinsic), misrepresentation, or misconduct by an opposing party. A motion under Civil Rule 60(b) for reasons (1), (2) and (3) must be filed no more than one year after entry of the judgment. Civil Rule 60(c).

Pryor contends that the one-year limitation period for filing a motion under Civil Rule 60(b)(1), (2) and (3) did not begin to run until October 23, 2013, the day the Ninth Circuit entered its ruling on the Judgment, as indicated by its Mandate issued on May 15, 2014. He cites FRAP 41(a) and (c)[4] as support for his position. Pryor argues that he timely filed the Motion to Set Aside Judgment within one year of October 23, 2013, and the bankruptcy court erred by holding otherwise. We disagree.

In ruling that the Motion to Set Aside Judgment was untimely, the bankruptcy court correctly denied the motion as to Pryor's claims under Civil Rule 60 (b)(1), (2) and (3). The one-year limitation period is not tolled during an appeal. <u>Nevitt v. United States</u>, 886 F.2d 1187, 1188 (9th Cir. 1989). In <u>Nevitt</u>, the movant had appealed an adverse district court judgment, which was affirmed by the Ninth Circuit. <u>Id.</u> About one month after the Ninth Circuit's affirmance of the judgment and two years after the judgment was initially entered by the district court, the movant filed a motion for relief from judgment under Civil Rule 60(b)(2)

---

[4] FRAP 41(a) and (c) provides:

(a) Contents. Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.
. . . .
(c) Effective Date. The mandate is effective when issued.

-9-

in the district court, which it denied. Id. On appeal, the Ninth Circuit determined that the pendency of an appeal does not toll the one-year period for a motion under Civil Rule 60(b)(1), (2) or (3). Id. See also The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088-89 (10th Cir. 2005) (holding same). Thus, the movant's motion was untimely, filed two years after the judgment, and the district court lacked jurisdiction to consider it. Id. In implementing this rule, the Ninth Circuit noted that allowing an appeal to toll the one-year limit "would unduly impair the finality of judgments for appellate proceedings may take months and even years to complete." Nevitt, 886 F.2d at 1188 (citation omitted).

Accordingly, the one-year limitation period for Pryor's claims for relief under Civil Rule 60(b)(1), (2) and (3) began to run when the Judgment was entered on July 30, 2010. It did not begin to run from the date of the Ninth Circuit's decision reviewing the Judgment. Thus, the bankruptcy court correctly determined the untimeliness of Pryor's motion with respect to these claims as Pryor filed his motion nearly four years later on April 23, 2014. Contrary to Pryor's argument, FRAP 41 has no effect on this rule. All FRAP 41 establishes is when a Ninth Circuit judgment is final for purposes of filing an appeal to the United States Supreme Court; it does not determine when a judgment is final for purposes of a motion for relief from judgment under Civil Rule 60(b).

Nonetheless, Pryor also sought to set aside the Judgment for "fraud on the court" under Civil Rule 60(d)(3). Such fraud "embraces only that species of fraud which does or attempts to,

-10-

defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1104 (9th Cir. 2006) (quotations and citations omitted) (applying Civil Rule 60(b)). "Fraud on the court should be read narrowly, in the interest of preserving the finality of judgments." Id. (quoting Toscano v. Comm'r, 441 F.2d 930, 934 (9th Cir. 1971)).

The Ninth Circuit places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court. Id. See Stonehill, 660 F.3d at 443 (burden of proof is a "clear and convincing" standard). The type of fraud asserted here must involve egregious conduct, such as an unconscionable plan or scheme designed to improperly influence the court in its decision. Latshaw, 452 F.3d at 1104 (citing Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir. 1988); Toscano, 441 F.2d at 934). "Mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and "'perjury by party or witness, by itself, is not normally fraud on the court.'" Stonehill, 660 F.3d at 444 (citing Levander v. Prober (In re Levander), 180 F.3d 1114, 1119 (9th Cir. 1999)).

The bankruptcy court only ruled that Pryor untimely filed his Motion to Set Aside Judgment. As a result, the court incorrectly applied a standard of law as to his claim for relief under Civil Rule 60(d)(3). Motions to set aside judgments for "fraud on the court" have no time limit. Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 640

-11-

n.10 (N.D. Cal. 1978) (no statute of limitations for fraud on the court), aff'd, 645 F.2d 699 (9th Cir. 1981); C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2870 at 574-75 (2012). Further, a claim under Civil Rule 60(d)(3) may not be limited only to "extrinsic" fraud, but may also include claims for "intrinsic" fraud. See Kalt v. Hunter (In re Hunter), 66 F.3d 1002, 1005 (9th Cir. 1995) (questioning additional holding in Wood that independent actions for "fraud on the court" can be maintained only for extrinsic fraud, a distinction previously abolished in Civil Rule 60(b)).

Accordingly, because the bankruptcy court applied an incorrect standard of law as to Pryor's claim for relief under Civil Rule 60(d)(3), it abused its discretion. Ahanchian, 624 F.3d at 1258.

**B.  Pryor does not contest the vexatious litigant determination.**

In the Order, the bankruptcy court designated Pryor as a vexatious litigant.  Pryor did not explicitly contest ITEC's request that he be declared a vexatious litigant; he does not contest the bankruptcy court's ruling on appeal.  Thus, Pryor waived this issue and we do not address it.  In re Choo, 273 B.R. at 613.

## VI. CONCLUSION

The bankruptcy court correctly determined that Pryor untimely filed his Motion to Set Aside Judgment under the time limitations imposed under Civil Rule 60(b)(1), (2) and (3).  However, it abused its discretion in denying his motion on his claim for "fraud on the court" under Civil Rule 60(d)(3).  Accordingly, we AFFIRM the Order, in part, and VACATE and REMAND it, in part.  On

-12-

remand, the bankruptcy court must determine whether Pryor is entitled to any relief under Civil Rule 60(d)(3).