**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADINA ZAHARESCU, an individual,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Asset-Backed Pass-Through Certificates Series 2004-FR1; et al.,<br><br>Defendants - Appellees. | No. 13-56005<br><br>D.C. No. 8:09-cv-00428-CJC-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Adina Zaharescu appeals pro se from the district court's order denying her

motion under Federal Rule of Civil Procedure 60 to vacate the judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing her action alleging state and federal violations in connection with foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion in denying Zaharescu's motion to the extent it sought relief under Rule 60(b)(1), (2), or (3), because the motion was filed more than one year after entry of judgment. *See* Fed. R. Civ. P. 60(c)(1); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("A motion for relief from judgment based on [Rule 60(b)(1), (2), or (3)] shall be made not more than one year after the judgment, order, or proceeding was entered or taken." (citation and internal quotation marks omitted)). Contrary to Zaharescu's contention, the district court did not err in construing her motion, in part, as requesting relief under Rule 60(b)(1), (2), or (3), because the motion expressly cited Rule 60(b)(3) as one ground for relief.

The district court did not abuse its discretion in denying relief under Rule 60(b)(6) because Zaharescu failed to demonstrate extraordinary circumstances. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (setting forth requirements for relief under Rule 60(b)(6)).

The district court did not abuse its discretion in denying the motion to vacate

the judgment based on Zaharescu's allegations of fraud on the court because she failed to present clear and convincing evidence of a grave miscarriage of justice harming the integrity of the judicial process. *See Estate of Stonehill*, 660 F.3d at 444-45 (setting forth test for assessing a request for relief from judgment based on alleged fraud on the court).

We reject Zaharescu's contention that the district court violated due process by ruling on her motion without oral argument.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Zaharescu's request for judicial notice, filed on February 5, 2014, is denied.

**AFFIRMED.**