**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BWD PROPERTIES 2, LLC; et al., | No.   22-15799 |
| Plaintiffs-Appellees, | D.C. No. 2:06-cv-01499-RCJ-EJY |
| v. | |
| ROBERT LEE FRANKLIN; et al., | MEMORANDUM[*] |
| Defendants, | |
| v. | |
| BOBBY LEN FRANKLIN, DBA Daydream Land & Systems Development Company, | |
| Defendant-third-party-plaintiff-Appellant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Third-party-defendant-Appellee. | |

Appeal from the United States District Court

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 17, 2023[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Bobby Len Franklin appeals the district court's denials of his motion for declaratory judgment under Fed. R. Civ. P. 57 and 60(b)(2), motion to set aside the permanent injunction under Fed. R. Civ. P. 60(d)(3), and objection/appeal to a magistrate judge order arising from a quiet title action brought by BWD Properties 2, LLC ("BWD"). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's ruling on a motion pursuant to Rule 60(b), *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004), a denial of a motion to vacate under Rule 60(d)(3), *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1166 (9th Cir. 2017), and a district court's discovery ruling, *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1119 (9th Cir. 2020). We affirm.[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We also grant BWD's motion for judicial notice, Dkt. 18.

The district court lacked jurisdiction over Franklin's Rule 60(b)(2) motion for declaratory relief because it was "not filed within one year of entry of judgment." *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989). "We need not, therefore, reach the merits" of this issue. *Id.*

The district court did not abuse its discretion when it denied Franklin's motion to set aside the permanent injunction under Rule 60(d)(3), because Franklin's evidence did not meet the "high standard" to establish fraud on the court. *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1132 (9th Cir. 2022) (noting that "a party seeking to establish fraud on the court must meet a high standard" and must demonstrate "fraudulent conduct . . . [that] harmed the integrity of the judicial process" (citation omitted)).

The district court did not abuse its discretion when it denied Franklin's objection/appeal to the magistrate judge's denial of the discovery motions as moot, because the case has been closed for many years with judgment in favor of BWD. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (internal quotation marks and citation omitted)).

3

**AFFIRMED.**