**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOLA BONITTA McGEE, | No. 24-5120 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01426-RFB-VCF |
| v. | MEMORANDUM* |
| DAVID P. STEINER; CRAIG COLTON; ROBERT REYNOSA; JENNIFER VO; MARK MARTINEZ; JERRY WILSON; COREY RICHARDS; YUL MELONSON, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted February 18, 2026**

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Lola Bonitta McGee appeals pro se from the district court's order denying

her post-judgment motions to reopen her employment action alleging federal

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion in denying McGee's motions to reopen the action. To the extent that the motions sought relief under Rule 60(b)(2), the motions were untimely because they were filed more than one year after entry of judgment. *See* Fed. R. Civ. P. 60(c)(1); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (noting that a motion for relief from judgment based on newly discovered evidence must be made within one year after judgment was entered). To the extent that the motions sought relief under Rule 60(b)(6), they were not filed within a reasonable time. *See Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (setting forth the requirements for a Rule 60(b)(6) motion, including that the motion must be filed "within a reasonable time").

We do not consider McGee's contentions concerning the merits of the underlying judgment, which a prior panel of this court previously affirmed. *See McGee v. DeJoy*, 821 F. App'x 860 (9th Cir. 2020); *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) ("[A]n appeal from the denial of a Rule 60(b) motion brings up for review only the denial of that motion, . . . not the underlying judgment.").

**AFFIRMED.**